UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DONN CALLAHAN,

    Plaintiff,

v.                                    Case No. 8:21-cv-1273-AAS

KILOLO KIJAKAZI,
Acting Commissioner,
Social Security Administration,

    Defendant.
_____/

## ORDER

Donn Callahan requests judicial review of a decision by the Commissioner of Social Security (Commissioner) denying his claim for disability insurance benefits (DIB) under the Social Security Act, 42 U.S.C. Section 405(g). After reviewing the record, including a transcript of the proceedings before the Administrative Law Judge (ALJ), the administrative record, and the parties' joint memorandum, the Commissioner's decision is **AFFIRMED.**

**I.  PROCEDURAL HISTORY**

Mr. Callahan applied for disability insurance benefits (DIB) on October 9, 2018, alleging a disability onset date of July 23, 2018. (Tr. 67, 146–147). Mr. Callahan's claim was denied initially and after reconsideration. (Tr. 65, 80). A

1

hearing was held before the ALJ on July 23, 2020. (Tr. 25–56). On March 3, 2021, the ALJ found Mr. Callahan not disabled. (Tr. 9–24).

The Appeals Council denied Mr. Callahan's request for review on May 6, 2021, making the ALJ's decision the Commissioner's final decision. (Tr. 1–6). Mr. Callahan now requests judicial review of the Commissioner's final decision. (Doc. 1).

## II. NATURE OF DISABILITY CLAIM

### A. Background

Mr. Callahan was fifty-nine years old on his alleged disability onset date of July 23, 2018, and on the date he applied for DIB, October 9, 2018. (Tr. 57). Mr. Callahan has some college education and his past relevant work includes work as a security officer. (Tr. 34, 64).

### B. Summary of the ALJ's Decision

The ALJ must follow five steps when evaluating a claim for disability.[1] 20 C.F.R. §§ 404.1520(a) First, if a claimant is engaged in substantial gainful activity,[2] he is not disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant has no impairment or combination of impairments that significantly limit his

---

[1] If the ALJ determines the claimant is disabled at any step of the sequential analysis, the analysis ends. 20 C.F.R. § 404.1520(a)(4).

[2] Substantial gainful activity is paid work that requires significant physical or mental activity. 20 C.F.R. § 404.1572.

physical or mental ability to perform basic work activities, he has no severe impairment and is not disabled. 20 C.F.R. § 404.1520(c); *see McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986) (stating that step two acts as a filter and "allows only claims based on the most trivial impairments to be rejected"). Third, if a claimant's impairments fail to meet or equal an impairment in the Listings, he is not disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent his from doing past relevant work, he is not disabled. 20 C.F.R. § 404.1520(e). At this fourth step, the ALJ determines the claimant's residual functional capacity (RFC).[3] *Id.* Fifth, if a claimant's impairments (considering his RFC, age, education, and past work) do not prevent his from performing work that exists in the national economy, he is not disabled. 20 C.F.R. § 404.1520(g).

The ALJ determined Mr. Callahan had not engaged in substantial gainful activity since his alleged onset date of July 23, 2018. (Tr. 14). The ALJ concluded Mr. Callahan had severe impairments of obesity and cervical and lumbar spine disorders. (*Id.*). However, the ALJ concluded Mr. Callahan's impairments or combination of impairments did not reach the level of severity to meet or medically equal any impairment in the Listings. (Tr. 15).

---

[3] A claimant's RFC is the level of physical and mental work he can consistently perform despite his limitations. 20 C.F.R. § 404.1545(a)(1).

The ALJ concluded Mr. Callahan had the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b).[4] with the following limitations:

> [Mr. Callahan] could occasionally lift or carry 20 pounds and frequently lift or carry 10 pounds; sit for a period of 6 hours; stand for a period of 6 hours; walk for a period of 6 hours; and push/pull as much as he can lift/carry. He can frequently operate foot controls and hand controls bilaterally. He can occasionally reach overhead bilaterally but can frequently reach in all other directions bilaterally. He can occasionally climb ramps and stairs but can never climb ladders, ropes, or scaffolds. He can frequently reach in all other directions bilaterally. He can occasionally climb ramps and stairs but can never climb ladders, ropes, or scaffolds. He can frequently balance and occasionally stoop, kneel, crouch, and crawl. He can have frequent exposure to unprotected heights, moving mechanical parts, vibrations, dusts, odors, fumes, and pulmonary irritants.

(*Id.*).

Based on Mr. Callahan's testimony at the administrative hearing, Mr. Callahan's RFC, and the vocational expert's testimony, the ALJ determined Mr. Callahan could perform his past relevant work as a security officer. (Tr. 18). Thus, the ALJ concluded Mr. Callahan was not disabled from July 23, 2018, through the date of the decision. (Tr. 18–19).

---

[4] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b)

4

## III. ANALYSIS

### A. Standard of Review

Review of the ALJ decision is limited to whether the ALJ applied correct legal standards and whether substantial evidence supports his findings. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988); *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a mere scintilla but less than a preponderance. *Dale v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citation omitted). To clarify, there must be sufficient evidence for a reasonable person to accept as enough to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citations omitted). Recently, the Supreme Court explained, "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

If sufficient evidence supports a decision, a reviewing court must affirm, "even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (citations omitted). The court must not make new factual determinations, reweigh evidence, or substitute its judgment for the Commissioner's decision. *Id.* at 1240 (citation omitted). Instead, the court must view the whole record, considering evidence favorable to the Commissioner's decision. *Foote*, 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (citation omitted) (stating that when determining the

5

reasonableness of the Commissioner's factual findings, the reviewing court must scrutinize the entire record).

**B. Issues on Appeal**

Mr. Callahan raises one issue on appeal: whether substantial evidence supports the ALJ's conclusion that Mr. Callahan's pain management physician Thanh T. Le, M.D.'s June 18, 2020 medical opinion was unpersuasive. (Doc. 17, p. 9).

Dr. Le's June 18, 2020 report contained the medical opinion that Mr. Callahan could sit for 4 hours in an 8-hour workday, stand or walk for 2 houos in an 8-hour workday, lift 10 pounds occasionally, and life 5 pounds frequently. (Tr. 676). Mr. Callahan argues the ALJ did not "diligently consider the evidence that was favorable to" his claim and Dr. Le's medical opinion. (*Id*. at 11). Mr. Callahan asserts that the ALJ did not adequately support the conclusion that Mr. Callahan had full strength in all his extremities, normal gait, improvement in pain, and no significantly adverse medication side effects. (*Id*.). Mr. Callahan also contends that the ALJ erred in concluding the opinions of state agency medical consultants, David Guttman, M.D., and John Nye, were more persuasive than Dr. Le's opinion. (*Id*. at 11).

Substantial evidence supports the ALJ's conclusion that Dr. Le's opinion was not persuasive. Under SSA regulations, the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any

medical opinion(s) or prior administrative medical finding(s), including those from [claimant's own] medical sources." 20 C.F.R. § 404.1520c(a). Instead, the ALJ must evaluate each medical opinion with consideration of the following five factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) "other factors that tend to support or contradict a medical opinion or prior administrative medical finding." 20 C.F.R. § 404.1520c(c). The ALJ is specifically required to consider the factors of supportability and consistency for each medical opinion. 20 C.F.R. § 404.1520c(b)(2).

The ALJ concluded Dr. Le's medical opinion was "minimally persuasive" because Dr. Le's opined limitations were inconsistent with his own objective findings and those of other medical opinions. (Tr. 17–18). The ALJ noted Dr. Le's medical opinion that Mr. Callahan was limited to "a reduced range of sedentary exertion whereby [he] could not work an 8-hour day and could engage in no fine manipulation" was inconsistent with other medical opinions in Dr. Le's June 18, 2020 report, including that "[Mr. Callahan] had full strength in all his extremities and normal gait" and had "improvement in [his] pain levels." (*Id.*).

The ALJ also concluded Dr. Le's medical opinion was contradicted by other medical evidence in the record. The ALJ cited to neurologist Michael Rosario-Prieto, M.D.'s evaluation of Mr. Callahan on February 26, 2020, that

7

relayed Mr. Callahan's self-reported increased physical activity, resulting in Mr. Callahan losing 20 pounds. (Tr. 17) (*citing* (Tr. 523)). The ALJ also concluded the state agency medical consultant opinions of David Guttman, M.D., and John Nye were more persuasive because their determination that Mr. Callahan "could perform light work with mostly frequent postural activity" was "consistent with the findings [Dr. Guttman and Mr. Nye] cite to, which show cervical and lumbar degeneration, the pain from which is exacerbated by [Mr. Callahan's] obesity." (Tr. 18) (*citing* (Tr. 63–64; 77–78)). Substantial evidence thus supports the ALJ's conclusion that Dr. Le's June 18, 2020 medical report was minimally persuasive.

## IV.   CONCLUSION

For the reasons stated, the Commissioner's decision is **AFFIRMED,** and the Clerk is directed to enter judgment in favor of The Commissioner.

**ORDERED** in Tampa, Florida on June 14, 2022.

AMANDA ARNOLD SANSONE
United States Magistrate Judge